IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

KIMBERLY BROADHURST,

    Plaintiff,

v.

GREGG BLANCHARD INSURANCE AGENCY, INC.,
a Florida profit corporation, and
WILLIAM G. BLANCHARD, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, KIMBERLY BROADHURST, by and through her undersigned attorney and hereby files this Complaint against Defendants, GREGG BLANCHARD INSURANCE AGENCY, INC. M, a Florida profit corporation and WILLIAM G. BLANCHARD, individually, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, KIMBERLY BROADHURST is a resident of Palm Beach County, Florida.

5. Defendant, GREGG BLANCHARD INSURANCE AGENCY, INC. ["GBIA"] has a principal place of business at 11235 US Highway One, North Palm Beach 33408.

6. Defendant WILLIAM G. BLANCHARD ["BLANCHARD"] is a resident of Palm Beach County.

7. Defendant BLANCHARD is a joint employer of Plaintiff as that term is defined under the FLSA.

8. Defendant BLANCHARD was engaged in the operational control of Plaintiff and otherwise was involved in the payment of wages to the Plaintiff.

9. Defendant BLANCHARD acted directly and/or indirectly in the interest of GBIA in relation to Plaintiff.

10. Defendant BLANCHARD is the current President of GBIA (See true and correct copy of the Florida Department of State Division of Corporations Information on GBIA, attached hereto as Exhibit A.)

11. This cause of action arose in Palm Beach County.

12. Palm Beach County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendants in Palm Beach County, Florida.

13. Defendants, failed to pay Plaintiff the mandatory wages as required under federal law.

14. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

15. Defendants, at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

16. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COMMON ALLEGATIONS

17. Plaintiff Broadhurst was employed with Defendants from on or about October 7, 2018 up to and including her separation on October 30, 2019.

18. At the time of her separation, Plaintiff Broadhurst held the position of Quality Control Specialist with duties that included handling client retention, service, and getting prior business back.

19. Plaintiff regularly worked over forty (40) hours in a given work week.

20. Defendants failed to pay Plaintiff overtime in violation of federal law.

21. Plaintiff is non-exempt employees under the FLSA.

22. Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

23. Defendants paid Broadhurst $38,000 per year but made deductions from her pay such that she is an hourly worked under the FLSA.

24. Plaintiff Broadhurst estimates she is owed $   . Her estimate is based on working an average of 10 hours of overtime per week or more. Her rate of pay was $18.27 per hour , her overtime rate$27.40 x 10 hours per week = $274.05 x 54 weeks  = $14,798.70

25. She seeks an additional amount in liquidated damages.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

26. Plaintiff re-alleges Paragraphs 1 through 25 as set forth herein.

27. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

28. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was

employed with the Defendants.

29. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

30. Defendants, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

31. The Defendants' failure to properly compensate Plaintiffs is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

32. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

33. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

34. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

35. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in their favor and against the Defendants as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 27th day of April 2020.

        SCOTT WAGNER & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        <u>s/Cathleen Scott</u>
        Cathleen Scott, Esq.
        Florida Bar Number 135331
        Primary e-mail: CScott@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com