IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 20-CV-80701-DMM**

KIMBERLY BROADHURST, and
SARAH MOSS,

    Plaintiffs,

v.

GREGG BLANCHARD INSURANCE AGENCY, INC.,
a Florida profit corporation, and
WILLIAM G. BLANCHARD, individually,

    Defendants.
_____/

## **AMENDED COMPLAINT**

COMES NOW Plaintiffs, KIMBERLY BROADHURST, and SARAH MOSS, by and through their undersigned attorney and hereby file this Amended Complaint against Defendants, GREGG BLANCHARD INSURANCE AGENCY, INC. M, a Florida profit corporation and WILLIAM G. BLANCHARD, individually, and as grounds therefore alleges as follows:

### **JURISDICTION, PARTIES AND VENUE**

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, KIMBERLY BROADHURST is a resident of Palm Beach County, Florida.

5. Plaintiff, SARAH MOSS is a resident of Palm Beach County, Florida.

6. Defendant, GREGG BLANCHARD INSURANCE AGENCY, INC. ["GBIA"] has a principal place of business at 11235 US Highway One, North Palm Beach 33408.

7. Defendant WILLIAM G. BLANCHARD ["BLANCHARD"] is a resident of Palm Beach County.

8. Defendant BLANCHARD is a joint employer of Plaintiffs as that term is defined under the FLSA.

9. Defendant BLANCHARD was engaged in the operational control of Plaintiffs and otherwise was involved in the payment of wages to the Plaintiffs.

10. Defendant BLANCHARD acted directly and/or indirectly in the interest of GBIA in relation to Plaintiffs.

11. Defendant BLANCHARD is the current President of GBIA (See true and correct copy of the Florida Department of State Division of Corporations Information on GBIA, attached hereto as Exhibit A.)

12. This cause of action arose in Palm Beach County.

13. Palm Beach County, Florida is proper venue for this action because Plaintiffs were employed by and had dealings with Defendants in Palm Beach County, Florida.

14. Defendants, failed to pay Plaintiffs the mandatory wages as required under federal law.

15. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

16. Defendants, at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

17. Plaintiffs' job duties were such that KIMBERLY BROADHURST and SARAH MOSS were both individually engaged in commerce.

## COMMON ALLEGATIONS

18. Plaintiff Broadhurst was employed with Defendants from on or about October 7, 2018 up to and including her separation on October 30, 2019.

19. At the time of her separation, Plaintiff Broadhurst held the position of Quality Control Specialist with duties that included handling client retention, service, and getting prior business back.

20. Plaintiff Moss was employed with Defendants from on or about February 4, 2019 up to and including her separation on October 25, 2019.

21. At the time of her separation, Plaintiff Moss held the position of Associate Agent with duties that included managing sales, such as handling outbound and inbound calls to close deals and bring on new business.

22. Plaintiffs regularly worked over forty (40) hours in a given work week.

23. Defendants failed to pay Plaintiffs overtime in violation of federal law.

24. Plaintiffs are non-exempt employees under the FLSA.

25. Plaintiffs were not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

26. Defendants paid Broadhurst $38,000 per year but made deductions from her pay such that she is an hourly worked under the FLSA.

27. Plaintiff Broadhurst estimates she is owed $14,798.70. Her estimate is based on working an average of 10 hours of overtime per week or more. Her rate of pay was $18.27 per hour, her overtime rate $27.40 x 10 hours per week = $274.05 x 54 weeks  = $14,798.70.

28. Defendants paid Moss $45,760.00 per year but made deductions from her pay such that she is an hourly worked under the FLSA.

29. Plaintiff Moss estimates she is owed $15,048. Her estimate is based on working an average of 12 hours of overtime per week or more. Her rate of pay was $22.00 per hour, her overtime rate $33.00 x 12 hours per week = $396 x 38 weeks = $15,048.

30. Plaintiff Broadhurst and Moss both seek an additional amount in liquidated damages.

**COUNT I**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**(AS TO DEFENDANT GREGG BLANCHARD INSURANCE AGENCY, INC.)**
**Plaintiff Broadhurst**

31. Plaintiff re-alleges Paragraphs 1 through 30 as set forth herein.

32. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

33. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendants.

34. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

35. Defendants, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

36. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

37. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

38. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for

the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

39. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

40. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## COUNT II
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## (AS TO DEFENDANT WILLIAM G. BLANCHARD)
## Plaintiff Broadhurst

41. Plaintiff re-alleges Paragraphs 1 through 30 as set forth herein.

42. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

43. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendants.

44. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

45. Defendants, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

46. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor

Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

47. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

48. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

49. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

50. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### COUNT III
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### (AS TO DEFENDANT GREGG BLANCHARD INSURANCE AGENCY, INC.)
### Plaintiff Moss

51. Plaintiff re-alleges Paragraphs 1 through 30 as set forth herein.

52. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

53. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was

employed with the Defendants.

54. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

55. Defendants, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

56. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

57. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

58. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

59. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

60. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

**COUNT IV**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**(AS TO DEFENDANT WILLIAM G. BLANCHARD)**
**Plaintiff Moss**

61. Plaintiff re-alleges Paragraphs 1 through 30 as set forth herein.

62. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

63. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendants.

64. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

65. Defendants, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

66. The Defendants' failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

67. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

68. As a direct and proximate result of the Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

69. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages.

70. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages for overtime,

liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 7th day of May 2020.

    SCOTT WAGNER & ASSOCIATES, P.A.
    Jupiter Gardens
    250 South Central Boulevard
    Suite 104-A
    Jupiter, FL 33458
    Telephone: (561) 653-0008
    Facsimile: (561) 653-0020

    s/Cathleen Scott
    Cathleen Scott, Esq.
    Florida Bar Number 135331
    Primary e-mail: CScott@scottwagnerlaw.com
    Secondary e-mail: mail@scottwagnerlaw.com
    Secondary Address: 101 Northpoint Parkway
    West Palm Beach, FL 33407
    www.ScottWagnerLaw.com